```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

WILLIAM H. MCKEE, JR.,
Individually and as Personal
Representative and Executor of
the Estate of Martha McKee,

        Plaintiff,

v.                                Civil Action No. 5:20-cv-00712

THE GREENBRIER CLINIC, INC.
and BRANDON CHAN, M.D.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the parties' Joint Motion to File Document Under Seal (ECF No. 63), filed December 9, 2021.  In the motion, the parties seek to file the attached "Plaintiff's Verified Petition for Approval of Proposed Settlement and Distribution of Settlement Proceeds" under seal.

According to this district's Local Rules of Civil Procedure, "[t]he rule requiring public inspection of court documents is necessary to allow interested parties to judge the court's work product in the cases assigned to it.  The rule may be abrogated only in exceptional circumstances."  <u>See</u> Local R. P. 26.4(b)(1).

In this case, public access to the petition for settlement approval is particularly important, as West Virginia law requires court approval of wrongful death settlements.  See W. Va. Code § 55-7-7; Hall v. Beverly Enters. — W. Va., Inc., No. CIV. A. 2:10-0842, 2010 WL 4813307 (S.D.W. Va. Nov. 19, 2010) ("It is essentially impossible for the public to judge the approval process in a given wrongful death case, however, if the terms of the settlement, and the compensation of counsel, are not spread upon the public record.").  Inasmuch as this court must adjudicate this matter, the court finds that the petition must be spread on the open record.

In addition to the court's local rules and the dictates of West Virginia's Wrongful Death Statute, both the common law and the First Amendment to the United States Constitution afford the public with a presumptive right to access judicial records.  See Haynes v. Grebinnyk, No. 2:17-CV-04017, 2018 WL 1659478 (S.D.W. Va. Apr. 3, 2018).  Assuming that only the common law applies to the instant case, see id., the court notes that the common law presumption of public access can be overcome only if the party seeking to seal the documents shows "some significant interest outweighing the presumption," Rushford v. New Yorker Mag., 846 F.2d 249, 253 (4th Cir. 1988).

Here, the parties submit that sealing is warranted because they desire to keep the terms of the settlement confidential as well as to protect the proposed beneficiaries' interests in privacy. ECF No. 63-1, at 2.

The parties' claimed interest in confidentiality is insufficient grounds to deny public access, and the court has been provided with no basis to conclude that the decedent's beneficiaries will be harmed by the publication of the petition.

Accordingly, the court DENIES the parties' Joint Motion to File Document Under Seal (ECF No. 63). The Clerk is directed to file the documents attached to the motion on the public docket.

The court notes that the petition indicates that the proposed statutory beneficiaries have been provided a copy of the petition via certified mail and that the petitioner anticipates obtaining signed consent forms indicating their agreement to the petition.

The court hereby directs the parties to advise the court once they have acquired all materials needed for approval of the petition. As soon as the parties have so advised the court, it will affix a hearing date. The parties are advised

that as the hearing date approaches, they will be asked to submit a proposed final order.

Finally, in light of the pending petition, the pretrial conference scheduled for December 17, 2021; final settlement conference scheduled for January 10, 2022; and civil jury trial set for January 11, 2022, are continued generally until further order of the court.

The Clerk is directed to transmit copies of this order to all counsel of record and to any unrepresented parties.

ENTER: December 13, 2021

John T. Copenhaver, Jr.
Senior United States District Judge